# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-11-CR-337(1) SS |
| | § | |
| CODY WAYNE KINSLOW | § | |

## ORDER

The Court held a hearing this date on the Pretrial Services Office's Petition for Action on Conditions of Release (Clerk's Doc. No. 32). The Petition alleged two violations of conditions: (1) that the Defendant violated the rules of his inpatient treatment facility by possessing cell phones; and (2) that the Defendant violated the condition prohibiting direct or indirect contact with a co-defendant by making a phone call to the co-defendant's wife and threatening her.

## Standard of Review

The standard of review applicable to this hearing is set by 18 U.S.C. § 3148(b), which provides in relevant part:

> The judicial officer shall enter an order of revocation if, after a hearing, the judicial officer –
>
> (1) finds that there is –
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that –
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

> (B) the person is unlikely to abide by the any condition or combination of conditions of release.

18 U.S.C. § 3148(b). Further guidance is provided in § 3142(f), which states in relevant part that:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

## **Findings**

At the hearing, the Court heard testimony from the wife of the co-defendant (i.e., the alleged victim of the threatening call), and also heard from the Defendant. The Government also proffered evidence regarding the treatment facility's seizure of the cell phones from the Defendant. The proffer indicated that the treatment facility turned the phones over to the Pretrial Office, which delivered them to the case agent. The case agent was unable to obtain any information from two of the SIM cards on these phones, and the third phone, which was a Cricket phone, would not hold a charge and thus the agent was unable to obtain any information from that phone as well.

With regard to the testimony, the victim testified that while driving with at least two others in the car, she received a phone call on her cell phone from a person she recognized as the Defendant. He confronted her regarding a conversation the victim and her husband (the Defendant's co-defendant) had recently had with the Defendant's step-father at a carwash. He allegedly told the victim to stay away from his family members, and threatened her with bodily harm if she did not. The victim stated that she was very frightened by the call, and that since the time that her husband's bond conditions were modified to require that he participate in inpatient treatment, she has been very

worried for her safety. She claims to have seen one or more people in her yard in recent evenings. She further stated that a person named Steve, who she asked to write a character letter for her husband's sentencing, recently called her and told her that he could not write the letter because he had spoken with the Defendant and he wanted to stay out of whatever dispute was occurring between the Defendant and the victim and her husband. Steve indicated that the Defendant had come by his place of employment on his way to court recently, and spoken to Steve, and that is what led Steve to change his mind about being willing to send a letter of reference for the victim's husband.

The Defendant also testified, and he categorically denied having spoken to the victim on the phone since the time that he was arrested. He stated in fact that his step-father felt threatened by the confrontation he had with the victim and her husband, and that he has been worried about his family's safety given the large size of the victim's family and the number of male members of that family. He admitted that he had gone by Steve's place of employment before appearing in court recently, and admitted that he told Steve about the interaction between his step-father and the victim and her husband, but denied making any threats or telling Steve not to write a character letter for the victim's husband. With regard to the phones, he admitted possessing them at the facility, but stated that none of them had service, and only the Cricket phone had previously been operable, but that pre-dated the time he was sent to treatment. He stated that he possessed the phones to play video games, and his counselor was aware of the phones. The facility did not discharge the Defendant because of his possession of the phones.

In short, the evidence was in direct conflict regarding whether a call was made, and if so, whether the call was a threat of some kind. There is little to corroborate either the Defendant's or the victim's accounts, although the victim's description of the Defendant's visit to Steve's

3

employment closely matched the Defendant's description of that same event. No phone records were able to be obtained from the three cell phones seized from the Defendant, so there is nothing on those phones to indicate whether they were used to call the victim. The victim stated that she received the call on her cell phone, but no records were offered from her phone to reflect the number from which she received the threatening call. Testimony from the others in the car at the time of the call was also not offered.

Given this state of the record, the Court cannot find by clear and convincing evidence that the Defendant violated the condition that he have no contact, direct or indirect, with his co-defendant, and cannot find that he made a threatening phone call to the victim. Further, the Court finds that the possession of the cell phones was a minor infraction of the treatment facility's rules, and does not merit revocation. Having said this, the victim appeared sincere in her fear, and although the evidence that such a call was made was not clear and convincing, the Court is not persuaded that the Defendant is wholly innocent of any misconduct related to the alleged call. Accordingly, while the Court will DENY the Petition (Clerk's Doc. No. 32), when the Defendant completes his inpatient treatment, the Court will require that the Defendant participate in home confinement with a GPS electronic monitor, with an exclusion zone for the vicinity of the victim's residence.

SIGNED this 17th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE